UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISH NETWORK L.L.C. and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TOMASZ KACZMAREK, JOHN DEFOE, JULIA DEFOE, and DOES 1-10,<br><br>Defendants. | Case No. 19-4803 |

## PLAINTIFFS' COMPLAINT

Plaintiffs DISH Network L.L.C. ("DISH") and NagraStar LLC ("NagraStar") bring this action against Defendants Tomasz Kaczmarek ("Kaczmarek"), John and Julia Defoe ("Defoes"), and Does 1-10 for violations of the Federal Communications Act ("FCA"), 47 U.S.C. § 605.

## NATURE OF THE ACTION

1. DISH is the fourth largest pay-television provider in the United States and delivers programming to millions of subscribers nationwide using its direct broadcast satellite system and security technology provided by NagraStar. Kaczmarek operates an illicit streaming service called IPGuys, where he acquires DISH's satellite broadcasts of television programming and retransmits that programming without authorization to customers of his IPGuys service (the "Rebroadcasting Scheme"). On information and belief, the Defoes and Does 1-10 participate in the Rebroadcasting Scheme by creating and maintaining DISH subscription accounts that are used to supply or "seed" Kaczmarek's IPGuys service with DISH's programming.

## PARTIES

2. Plaintiff DISH Network L.L.C. is a Colorado limited liability company having its principal place of business located at 9601 South Meridian Blvd., Englewood, Colorado 80112.

3. Plaintiff NagraStar LLC is a Colorado limited liability company having its principal place of business located at 90 Inverness Circle East, Englewood, Colorado 80112.

4. Defendant Tomasz Kaczmarek is an individual residing at 1473 Rosebella Avenue, Gloucester, Ontario, Canada K1T 1E5.

5. Defendants John Defoe and Julia Defoe are individuals, believed to be husband and wife, residing at 1247 Dean Street, Apartment 1C, Brooklyn, New York 11216.

6. Defendants Does 1-10 are one or more persons responsible for DISH subscription accounts that were created with false information and used to support the Rebroadcasting Scheme. The DISH accounts were created through a former retailer based in Brooklyn, New York and the street address associated with each DISH account is located in the Brooklyn area. Plaintiffs believe that discovery will lead to the identification of Does 1-10 and potentially other responsible parties, and allow Plaintiffs to amend the complaint to identify them by name.

## JURISDICTION AND VENUE

7. Plaintiffs assert claims under 47 U.S.C. §§ 605(a) and (e)(4). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Kaczmarek is subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) or alternatively Fed. R. Civ. P. 4(k)(2) because, through the Rebroadcasting Scheme, Kaczmarek has purposefully directed his conduct toward and purposefully availed himself of the privilege of conducting business within the United States including the State of New York, causing injury to Plaintiffs within the United States and the State of New York. On information and belief,

Kaczmarek is not subject to personal jurisdiction in any state's courts of general jurisdiction other than in the State of New York. Exercising personal jurisdiction over Kaczmarek is consistent with the Constitution and laws of the United States. Defoes are subject to personal jurisdiction in this Court pursuant to Fed. R. Civ. P. 4(k)(1)(A) because Defoes reside in the State of New York.

9. Venue is proper in this Court under 28 U.S.C. § 1391 because Defoes reside in this judicial district and a substantial part of the events giving rise to Plaintiffs' claims occurred in this district. Kaczmarek is a nonresident and may be sued in any district under 28 U.S.C. § 1391(c)(3).

## DISH'S SATELLITE TELEVISION PROGRAMMING

10. DISH uses high-powered satellites to broadcast television programming to millions of subscribers in the United States that pay DISH a subscription fee to receive such programming, or in the case of a pay-per-view program, the purchase price. NagraStar provides smart cards and other proprietary security technologies that form a conditional access system used to authorize the subscribers' receipt of DISH's satellite communications of television programming.

11. DISH contracts for and purchases the right to broadcast the television programming shown on its platform from networks, motion picture distributors, pay and specialty broadcasters, sports leagues, and other rights holders. DISH's subscribers enjoy access to hundreds of channels, including movie channels from HBO, Showtime, Cinemax, and Starz; sports channels from ESPN, NFL Network, MLB Network, and Willow Cricket; and other channels such as Discovery, A&E, Disney, TNT, TBS, USA, BET, and Bravo, among many others (the "DISH Programming").

12. DISH Programming is scrambled prior to being transmitted to a number of satellites located in geo-synchronous orbit above Earth. The satellites relay the encrypted DISH signal back to Earth where it can be received by DISH subscribers having the necessary equipment, including a DISH satellite receiver and NagraStar smart card. The receiver and smart card convert DISH's

encrypted satellite communication into viewable DISH Programming that can be displayed on the attached television of an authorized DISH subscriber.

## DEFENDANTS' REBROADCASTING SCHEME

13. Kaczmarek retransmits DISH Programming to users of his IPGuys service without authorization from DISH. The DISH Programming retransmitted by Kaczmarek is received from DISH's satellite communications without authorization from DISH. During testing of the IPGuys service, encoded messages delivered as part of DISH's satellite communications were detected on the DISH Programming retransmitted on the IPGuys service, confirming the DISH Programming provided by Kaczmarek is originating from DISH's satellite communications and DISH subscriber accounts (the "Seeder Accounts").

14. The DISH Programming retransmitted on the IPGuys service was traced back to at least seven Seeder Accounts, each created with what appears to be false or inaccurate information associated with individuals alleged to reside in Brooklyn, New York.[1] The seven Seeder Accounts were set up through a former retailer located in Brooklyn named Ratiann Enterprise Inc. All seven Seeder Accounts share one or more credit cards as the source of payment on the account and have the same or similar account passwords and password hints or reminders.

15. Credit cards used to pay on the seven Seeder Accounts identified were also used to pay on at least twenty additional DISH subscriber accounts, most all of which appear to have been established using the same or similar false or inaccurate information. One of the twenty accounts, however, is a DISH subscriber account held in the name of John Defoe that is associated with the Defoes' residence in Brooklyn, New York. Julia Defoe engaged in a number of transactions with Kaczmarek, totaling tens of thousands of dollars sent from Kaczmarek to Defoe and specifically

---

[1] The Seeder Accounts are DISH subscriber account numbers ending 0199, 1107, 2150, 3795, 4156, 5855, and 8550.

referencing DISH. On information and belief, Defoes and Does 1-10 create and maintain Seeder Accounts that are used to provide DISH Programming for Kaczmarek's IPGuys service.

16. Kaczmarek profits from the Rebroadcasting Scheme through the sale of codes (the "Device Codes") that are designed and produced for purposes of enabling customers to access the servers used to retransmit programming on his IPGuys service, including the DISH Programming. A valid Device Code is required to receive the DISH Programming on the IPGuys service. Device Codes retail for approximately $15 per month of access to the IPGuys service and are compatible with various set-top boxes.

17. Kaczmarek sells Device Codes through a network of resellers. On information and belief, Kaczmarek's primary resellers are Shabbir Hassan Janoowalla d/b/a Romie IPTV World; Ahmad Yaftali d/b/a IPTV Bazaar; Adam Denapoli and Yvon Blanchette d/b/a GetIPTVOnline; and Elizabeth Ram d/b/a IPGuys-Live. Kaczmarek's primary resellers are believed to purchase Device Codes from Kaczmarek and then sell those Device Codes to users, as well as secondary resellers including Erik Johnson d/b/a The Napster and Melvin Crawley d/b/a Miracle Box Media.

18. Kaczmarek and Defoes were notified that their participation in the Rebroadcasting Scheme violated laws including the FCA and were asked to cease and desist from such activity, as early as April 13, 2019, but the Rebroadcasting Scheme has continued to operate.

19. Kaczmarek and Defoes each have a history of engaging in piracy-related activities that impact Plaintiffs. Kaczmarek previously conducted business as Digital Clinic, through which he sold modified DISH satellite receivers and other devices capable of receiving DISH's satellite broadcasts of television programming without authorization. Defoes previously sold subscriptions to MundoIKS, which is similar to the Rebroadcasting Scheme in that the service enabled users to receive DISH's satellite communications of television programming without authorization.

## CLAIMS FOR RELIEF

### COUNT I
### Violation of the Federal Communications Act, 47 U.S.C. § 605(a)
### By DISH Against All Defendants

20. DISH repeats and incorporates the allegations in paragraphs 1-19 above.

21. Kaczmarek divulged, used, and assisted others to receive DISH Programming that originated from DISH's satellite communications through the Rebroadcasting Scheme, without the authorization of DISH and for the benefit of Kaczmarek and users of his IPGuys service that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

22. Kaczmarek's sale of Device Codes through his network of resellers also assisted users of his IPGuys service to receive DISH Programming, without the authorization of DISH and for the benefit of Kaczmarek and users of his IPGuys service that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

23. On information and belief, Defoes and Does 1-10, through their creation of Seeder Accounts supporting the Rebroadcasting Scheme, assisted Kaczmarek in divulging and using, and assisted users of his IPGuys service to receive, DISH Programming without DISH's authorization and for the benefit of Defoes, Does 1-10, Kaczmarek, and users of his IPGuys service that were not entitled to receive such DISH Programming, in violation of 47 U.S.C. § 605(a).

24. Kaczmarek, Defoes, and Does 1-10 violated 47 U.S.C. § 605(a) willfully and for the purpose of commercial advantage and private financial gain.

25. Kaczmarek, Defoes, and Does 1-10 were aware or had reason to believe that their actions violated 47 U.S.C. § 605(a). Such violations caused damage to DISH in an amount to be proven at trial. Unless restrained and enjoined, Kaczmarek, Defoes, and Does 1-10 will continue to violate 47 U.S.C. § 605(a).

## COUNT II
### Violation of the Federal Communications Act, 47 U.S.C. § 605(e)(4)
### By All Plaintiffs Against Kaczmarek

26. Plaintiffs repeat and incorporate the allegations in paragraphs 1-19 above.

27. Kaczmarek sells and distributes Device Codes for purposes of divulging, using, and assisting others to receive DISH Programming originating from DISH's satellite communications as part of the Rebroadcasting Scheme, in violation of 47 U.S.C. § 605(e)(4). Kaczmarek intended for Device Codes to be used in divulging and receiving DISH Programming, without authorization from DISH and for the benefit of Kaczmarek and users of his IPGuys service that were not entitled to receive such DISH Programming, which is activity proscribed by 47 U.S.C. § 605(a).

28. Kaczmarek violated 47 U.S.C. § 605(e)(4) willfully and for purposes of commercial advantage and private financial gain.

29. Kaczmarek was aware or had reason to believe that his actions violated 47 U.S.C. § 605(e)(4). Such violations caused damage to DISH in an amount to be proven at trial. Unless restrained and enjoined, Kaczmarek will continue to violate 47 U.S.C. § 605(e)(4).

## PRAYER FOR RELIEF

Plaintiffs request a judgment against Kaczmarek, Defoes, and Does 1-10 as follows:

A. For a permanent injunction under 47 U.S.C. § 605(e)(3)(B)(i) and Fed. R. Civ. P. 65 prohibiting Kaczmarek, Defoes, and Does 1-10, and any agent, servant, employee, attorney, or other person acting in active concert or participation with any of them that receives actual notice of the order, from:

   1. Conducting the Rebroadcasting Scheme, or otherwise receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications without authorization from DISH;

   2. Selling or distributing Device Codes, or any other device or equipment that is intended for receiving or assisting others in receiving DISH's satellite communications of television programming or the content of such communications;

  B. For an order allowing Plaintiffs to take possession of and destroy all Device Codes and any other devices or equipment in the possession, custody, or control of Kaczmarek, Defoes, or Does 1-10 that the Court has reason to believe were involved in a violation of the FCA, pursuant to 47 U.S.C. § 605(e)(3)(B)(i);

  C. For an order directing Kaczmarek, Defoes, and Does 1-10 to preserve and turn over to Plaintiffs all hard copy and electronic records regarding persons involved in the Rebroadcasting Scheme, including the creation of the Seeder Accounts, as well as records concerning the Device Codes that were sold;

  D. Award DISH the greater of (1) its actual damages together with the profits made by Kaczmarek, Defoes, and Does 1-10 that are attributable to the violations identified in Count I, or (2) statutory damages up to $10,000 for each violation of 47 U.S.C. § 605(a), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II). In either scenario, the damages should be increased by $100,000 for each violation, in accordance with 47 U.S.C. § 605(e)(3)(C)(ii);

  E. Award Plaintiffs the greater of (1) their actual damages together with the profits of Kaczmarek that are attributable to the violations identified in Count II, or (2) statutory damages in the amount of up to $100,000 for each violation of 47 U.S.C. § 605(e)(4), pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(I)-(II);

  F. Award Plaintiffs their attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii);

  G. For a complete and accurate accounting of all profits and other benefits received by Kaczmarek, Defoes, and Does 1-10 as a result of the wrongful conduct identified in this complaint;

8

H. For pre and post-judgment interest on all damages awarded by the Court, from the earliest date permitted by law at the maximum rate permitted by law; and

I. For such additional relief as the Court deems just and equitable.

Dated: August __, 2019

            Respectfully submitted,

            /s/ Robert R. Jones
            **COUGHLIN & GERHART, LLP**
            99 Corporate Drive
            Binghamton, NY 13904
            Telephone: (607) 723-9511
            Facsimile: (607) 723-1530
            rjones@cglawoffices.com

            **HAGAN NOLL & BOYLE, LLC**
            Timothy M. Frank (*pro hac vice* to be filed)
            Texas Bar #24050624
            Two Memorial City Plaza
            820 Gessner, Suite 940
            Houston, Texas 77024
            Telephone: (713) 343-0478
            Facsimile: (713) 758-0146
            timothy.frank@hnbllc.com

            Attorneys for Plaintiffs DISH Network L.L.C
            and NagraStar LLC

H.  For pre and post-judgment interest on all damages awarded by the Court, from the earliest date permitted by law at the maximum rate permitted by law; and

I.  For such additional relief as the Court deems just and equitable.

Dated: August 21, 2019

Respectfully submitted,

/s/ Robert R. Jones
**COUGHLIN & GERHART, LLP**
99 Corporate Drive
Binghamton, NY 13904
Telephone: (607) 723-9511
Facsimile: (607) 723-1530
rjones@cglawoffices.com

**HAGAN NOLL & BOYLE, LLC**
Timothy M. Frank (*pro hac vice* to be filed)
Texas Bar #24050624
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146
timothy.frank@hnbllc.com

Attorneys for Plaintiffs DISH Network L.L.C
and NagraStar LLC