## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

**DISH NETWORK L.L.C.**
and **NAGRASTAR LLC,**

        Plaintiffs,

        v.

**TOMASZ KACZMAREK,
JOHN DEFOE, JULIA DEFOE,**
and **DOES 1-10,**

        Defendants.

Case No. 19-4803   NGG–SJB

---

## PLAINTIFF DISH NETWORK L.L.C.'S MEMORANDUM IN SUPPORT OF MOTION
## FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY

Plaintiff DISH Network L.L.C. ("DISH") respectfully files this memorandum in support

of its motion for leave to conduct limited discovery prior to the Federal Rule of Civil Procedure

26(f) conference for the purpose of identifying Defendants Does 1-10 (the "Doe Defendants").

### I.    INTRODUCTION

DISH is the fourth largest pay-television provider in the United States and serves millions

of subscribers nationwide by delivering programming to their homes or businesses using its direct

broadcast satellite system and security technology provided by co-plaintiff NagraStar.  Defendant

Tomasz Kaczmarek operates an illicit streaming service called IPGuys, where he acquires DISH's

satellite transmissions of television programming ("DISH Programming") and then retransmits the

DISH Programming to customers of his own IPGuys service without authorization from DISH (the

"Rebroadcasting Scheme").  The DISH Programming detected on the IPGuys service was not only

traced back to and shown to have originated from DISH's satellite transmissions, but DISH was

also able to identify at least seven DISH subscription accounts that were used to supply or "seed"

Kaczmarek's IPGuys service with this DISH Programming (the "Seeder Accounts").  The Seeder

Accounts were created with what appears to be fake names and addresses – no doubt in an attempt to mask the true account holder's participation in the Rebroadcasting Scheme. Defendants John and Julia Defoe were linked to the Seeder Accounts, while the Doe Defendants are also alleged to be responsible for creating and maintaining Seeder Accounts.

DISH requests limited expedited discovery to identify the Doe Defendants and join them as parties to this action. As shown below, DISH alleges a valid claim against the Doe Defendants under the Federal Communications Act, 47 U.S.C. § 605(a), based on the Doe Defendants' creation and maintenance of the Seeder Accounts. The discovery requested in DISH's proposed subpoenas is limited to the Doe Defendants' names and addresses and therefore narrowly tailored for purposes of identifying and serving the Doe Defendants. DISH requires this information to move forward against the Doe Defendants in this case, and does not have an alternative means of identifying the Doe Defendants who have taken steps to avoid detection such as providing fabricated information to DISH when creating the Seeder Accounts. Both the Doe Defendants and the intended recipients of DISH's subpoenas will have an opportunity to object to the subpoenas or seek a protective order prior to the production of any information to DISH. DISH's motion strikes the appropriate balance between the interests of all parties and non-parties involved and should be granted by the Court.

## II.     LEGAL STANDARD

Discovery may be conducted prior to the Rule 26(f) conference if authorized by court order. Fed. R. Civ. P. 26(d)(1). "[C]ourts apply a 'flexible standard of reasonableness and good cause'" when considering a motion for expedited discovery. *Strike 3 Holdings, LLC v. Doe,* No. 1:19-cv-02614-AJN, 2019 WL 1837447, at *2 (S.D.N.Y. Apr. 10, 2019) (quoting *Digital Sin, Inc. v. John Does 1-176,* 279 F.R.D. 239, 241 (S.D.N.Y. Jan. 30, 2012)); *see In Re Malibu Media Adult Film Copyright Infringement Cases,* No. 15-CV-865 DRH SIL, 2015 WL 3605834, at *4 (E.D.N.Y. June 8, 2015) (applying good cause standard when granting expedited discovery to identify Does).

"The Second Circuit has identified 'principal factors' for District Courts to consider when determining whether expedited discovery is appropriate … [which] include (1) the plaintiffs ability to make out a *prima facie* showing of infringement, (2) the specificity of the discovery request; (3) the absence of alternative means to obtaining the information sought in the subpoena, (4) the need for the information sought in order to advance the claim, and (5) the Defendant's expectation of privacy." *Id.* (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010)).  Each factor favors an order granting Plaintiffs' motion for expedited discovery to identify the Doe Defendants.

## III.    ARGUMENT

**A.    DISH Makes A Prima Facie Showing That The Doe Defendants Violated The FCA.**

DISH claims that the Doe Defendants violated the Federal Communications Act, 47 U.S.C. § 605(a) ("FCA"), by establishing and maintaining Seeder Accounts that are used to provide DISH Programming without authorization for Kaczmarek's IPGuys service.  (Compl. ¶¶ 13-17, 21, 23.) DISH connected the DISH Programming observed on the IPGuys service to at least seven Seeder Accounts, each account having been created with what appears to be an incorrect name and contact information.  (*Id.* ¶¶ 14-15; Declaration of Kevin McMonnies ¶¶ 7-8.)

Section 605(a) states that "[n]o person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information contained therein) for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a) (quoting third sentence).  A satellite transmission constitutes a "communication by radio" for purposes of section 605(a).  *See Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1007-08 (2d Cir. 1993).  The rebroadcasting of television programming that originates from a satellite transmission is actionable under section 605(a).  *See Int'l Cablevision, Inc. v. Sykes*, 75 F.3d 123, 132 (2d Cir. 1996) (applying section 605(a) to retransmission of satellite communication by cable).

The Doe Defendants are violating the third sentence of section 605(a) by creating Seeder Accounts that are used to acquire DISH's satellite communications of DISH Programming, which is then retransmitted over the internet to users of Kaczmarek's IPGuys service. (Compl. ¶¶ 13-15, 23; McMonnies Decl. ¶¶ 3-6.)  *See Joint Stock Co. Channel One Russia Worldwide v. Infomir LLC*, No. 16-CV-1318 (GBD) (BCM), 2017 WL 696126, at *7 (S.D.N.Y. Feb. 15, 2017) (finding third sentence in section 605(a) applies to "retransmission of a signal that originated as a satellite transmission, even when it is thereafter received or transmitted over the internet"), *adopted at* 2017 WL 2988249 (S.D.N.Y. Mar. 27, 2017); *DirecTV, LLC v. Wright*, No. 15-CV-474-FPG, 2016 WL 3181170, at *4 (W.D.N.Y. June 3, 2016) (stating third sentence in section 605(a) "prohibit[s] the 'unauthorized divulgence or use of [satellite] communications,' even if the communications have been 'received legally'") (quoting *DISH Network L.L.C. v. World Cable Inc.*, 893 F. Supp. 2d 452, 473 (E.D.N.Y. 2012)).  Therefore, the first factor weighs in favor of granting expedited discovery.

**B.     DISH's Subpoenas Are Narrowly Tailored Toward Identifying The Doe Defendants.**

The Doe Defendants set up the Seeder Accounts using names and addresses that could not be associated with actual persons. (McMonnies Decl. ¶¶ 7-8.)  However, when establishing and maintaining the Seeder Accounts, the Doe Defendants provided credit card numbers for purposes of making payments to DISH. (*Id.* ¶ 9.)  DISH requests authorization to serve subpoenas to identify the accounts holders of the credit cards associated with the Seeder Accounts.  All Seeder Accounts shared one or more Visa credit cards as the source of payment. (*Id.*)  DISH's proposed subpoena to Visa is limited to these shared credit cards and does not encompass all credit cards associated with the Seeder Accounts. (*Id.*)  Visa usually is able to provide no more than the name and address of the bank, financial institution, or credit union that issued the credit card. (*Id.*)  DISH must then subpoena the credit card issuer to discover the account holder's name and address. (*Id.*)  In contrast to the information provided to DISH when creating the Seeder Accounts, the names and addresses

used to acquire the credit cards accounts are less likely to be fabricated by the Doe Defendants.

DISH also requests leave to serve a subpoena on the former retailer through which each of the Seeder Accounts was created. The retailer is Ratiann Enterprise Inc., a New York corporation located in Brooklyn that is believed to be owned by Vaka Korkelia. (*Id.* ¶¶ 8-10.) Mr. Korkelia is unwilling to voluntarily provide information identifying the Doe Defendants that are responsible for the Seeder Accounts. (*Id.* ¶ 10.) Accordingly, DISH's subpoenas to Mr. Korkelia and Ratiann Enterprise Inc. requesting names and addresses of the Doe Defendants are proper. Attached to this motion are the subpoenas that DISH proposes to serve on Mr. Korkelia, Ratiann Enterprise, Inc., Visa, Inc., and an example subpoena to the credit card issuers to be identified by Visa, Inc.

The second factor weighs in favor of authorizing DISH to take expedited discovery because the proposed subpoenas are narrowly tailored toward obtaining the name and address of each Doe Defendant, as required to identify these Doe Defendants and serve them in this case. *See Strike 3*, 2019 WL 1837447, at *3 (finding second factor favored expedited discovery because the proposed subpoena "seeks only the true name and permanent address of John Doe, a limited set of facts that courts within this district have considered 'highly specific in nature'"); *UN4 Prods., Inc. v. Doe*, No. 17-CV-3278 (PKC) (SMG), 2017 WL 2589328, at *2 (E.D.N.Y. June 14, 2017) (same).

**C.     DISH's Subpoenas Are Necessary To Identify The Doe Defendants.**

The third and fourth factors look at whether there is an alternative means for obtaining the information requested, and whether that information is necessary to advance the claim. *See Strike 3*, 2019 WL 1837447, at *2. DISH conducted a thorough investigation of the Doe Defendants and so far is not able to identify the Doe Defendants by name. (McMonnies Decl. ¶¶ 7-8.) Indeed, the Doe Defendants have taken steps to mask their true identity by providing incorrect information to DISH when creating the Seeder Accounts. (*Id.*) DISH does not have a viable means of identifying the Doe Defendants other than the proposed subpoenas outlined above. (*Id.*) DISH must identify

the Doe Defendants to move forward against them in this case. Accordingly, the third and fourth factors weigh in favor of granting DISH's motion for expedited discovery. *See Strike 3*, 2019 WL 1837447, at *2; *UN4 Prods.*, 2017 WL 2589328, at *2.

**D.     DISH's Subpoenas Will Not Violate The Doe Defendants' Expectation Of Privacy.**

The final factor considers the effect DISH's subpoenas might have on the Doe Defendants' reasonable expectation of privacy. *See Strike 3*, 2019 WL 1837447, at *2. The Doe Defendants, as established above, created DISH subscription accounts for the purpose of retransmitting DISH Programming without authorization to users of the IPGuys service. *See supra* Part III.A. The Doe Defendants cannot rely on a First Amendment right of privacy to prevent DISH from discovering their participation in this infringing operation. *Arista Records*, 604 F.3d at 118 ("[T]o the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment."); *see also Strike 3*, 2019 WL 1837447, at *2 (finding privacy factor did not prevent expedited discovery even where Doe defendant was accused of downloading adult film); *UN4 Prods.*, 2017 WL 2589328, at *2 (finding privacy factor was less of a concern where adult programming was not involved and "any expectation of privacy the Doe defendants may have in remaining anonymous is outweighed by plaintiff's interest in being able to vindicate its intellectual property rights").

Further, the Doe Defendants will be given a fair opportunity to object to DISH's subpoenas before the requested information is produced. *See infra* Part IV. At that time, the Doe Defendants are free to seek a protective order if they believe any of the information requested in the subpoenas deserves additional safeguards.

## IV.     <u>CONCLUSION</u>

For these reasons, the Court should grant DISH's motion for leave to take limited discovery prior to the Rule 26(f) conference for the purpose of identifying the Doe Defendants. A proposed

order is being submitted which, in the case of subpoenas to the former retailer involved in creating

the Seeder Accounts and the banks that issued credit cards used to pay the Seeder Accounts, sets

forth a two-step approach whereby the subpoena recipients notify their customers and each have

an opportunity to object to the subpoena or request a protective order, and only after any challenges

to production are resolved do the subpoena recipients disclose the names and addresses of the Doe

Defendants to DISH.  This strikes the appropriate balance between DISH's interests in identifying

the Doe Defendants and providing both the subpoena recipients and their customers the ability to

be heard.

Dated:  August 23, 2019.

                                   Respectfully submitted,

                                   /s/ Robert R. Jones
                                   **COUGHLIN & GERHART, LLP**
                                   99 Corporate Drive
                                   Binghamton, New York 13904
                                   Telephone: (607) 723-9511
                                   Facsimile: (607) 723-1530
                                   rjones@cglawoffices.com

                                   **HAGAN NOLL & BOYLE, LLC**
                                   Timothy M. Frank (*pro hac vice* to be filed)
                                   Texas Bar #24050624
                                   Two Memorial City Plaza
                                   820 Gessner, Suite 940
                                   Houston, Texas 77024
                                   Telephone: (713) 343-0478
                                   Facsimile: (713) 758-0146
                                   timothy.frank@hnbllc.com

                                   Attorneys for Plaintiffs DISH Network L.L.C
                                   and NagraStar LLC

# ATTACHMENT

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| | ) |
| TOMASZ KACZMAREK | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                  Ratiann Enterprise Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents sufficient to identify the name and address of each person and entity associated with the DISH subscription accounts ████ 5855, ████████ 4156, ████ 2150, ████ 0199, ████ 1107, ████ 8550, and ████ 3795.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and responding party. | Date and Time:  **See Enclosed Court Order** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*

                               OR

_____        _____
*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| DISH NETWORK L.L.C. | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| TOMASZ KACZMAREK | ) |
| *Defendant* | ) |

Civil Action No.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Vaka Korkelia

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents sufficient to identify the name and address of each person and entity associated with the DISH subscription accounts ▮▮▮▮ 5855, ▮▮▮▮▮▮ 4156, ▮▮▮▮ 2150, ▮▮▮▮▮ 0199, ▮▮▮▮ 1107, ▮▮▮▮ 8550, and ▮▮▮▮ 3795.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and responding party. | Date and Time:  **See Enclosed Court Order** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| DISH NETWORK L.L.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| TOMASZ KACZMAREK | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                           Visa, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents sufficient to identify the name and address of the card issuer for each credit card identified in Attachment A.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and responding party. | Date and Time:  **See Enclosed Court Order** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*
                                             OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____     on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## VISA, INC. SUBPOENA ATTACHMENT A

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | 7668 | | | 1086 | | 7230 |
| | | 5982 | | | 6014 | | 9182 |
| | | 0018 | | | 5707 | | 2502 |
| | | 3567 | | | 6455 | | 2590 |
| | | 8279 | | | 8915 | | 3309 |
| | | 2174 | | | 0346 | | 3685 |
| | | 1522 | | | 9596 | | 9687 |
| | | 1663 | | | 5103 | | 2720 |
| | | 3082 | | | 3306 | | 3546 |
| | | 3637 | | | 4015 | | 4023 |
| | | 4536 | | | 4585 | | 5643 |
| | | 9049 | | | 8381 | | 6633 |
| | | 5494 | | | 9398 | | 1278 |
| | | 0562 | | | | | |

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | | |
|---|---|---|
| DISH NETWORK L.L.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| TOMASZ KACZMAREK | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          EXAMPLE SUBPOENA TO CREDIT CARD ISSUER

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents sufficient to identify the name and address of each person and entity associated with credit card account number xxxx-xxxx-xxxx-xxxx.

| Place: By mail or email to the issuing counsel below, or in person at a location to be determined by agreement of the issuing party and responding party. | Date and Time:   **See Enclosed Court Order** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff DISH Network L.L.C. _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).