UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DISH NETWORK L.L.C.,
NAGRASTAR L.L.C.,

                              Plaintiffs,

      -against-                              **ORDER**
                                                    19-CV-4803-NGG-SJB

TOMASZ KACZMAREK,
JOHN DEFOE,
JULIA DEFOE,
DOES 1-10,

                              Defendants.
-----------------------------------------------------------------X

**BULSARA, United States Magistrate Judge:**

       Plaintiff Dish Network ("Dish") seeks leave to serve a number of subpoenas prior to the Rule 26 conference in order to identify alleged John Doe defendants. (Mot. to Expedite Disc. dated Aug. 8, 2019 ("Dish Mot."), Dkt. No. 6). The motion is granted in part and denied in part. Dish indicates that there are seven Dish subscription accounts that were used to provide its programming without authorization in violation of the Federal Communications Act, 47 U.S.C. § 605(a). (Dish Mot. at 1; Compl. Dkt. No. 1 ¶ 14). Dish acknowledges that it has main address and telephone information for each of these accounts. (Decl. of Kevin McMonnies ("McMonnies Decl."), attached as Ex. 1 to Dish Mot., Dkt. No. 6 ¶ 7). However, it was "unable to connect the account holders to the account information listed in the account records." *Id.* The minimal efforts Dish undertook to contact these individuals and determine whether they are either the owners of the accounts and/or the John Doe defendants are, in the Court's view, inadequate. Dish states that it attempted to contact the account holders via telephone numbers provided, but certain numbers were not in service or voicemails were not

1

returned. *Id.* That a voicemail is not returned is proof of little—particularly if multiple attempts were not made, and Dish does not indicate how many of the seven numbers were out of service. In any event, no attempts were made to visit these addresses, to locate alternative mailing addresses and/or telephone numbers for these individuals, to use the email addresses associated with these accounts, or to send certified mailings. These methods could have been utilized with information Dish already has in its possession. Instead of undertaking a thorough pre-suit investigation, Dish seeks to subpoena credit card information from Visa as a means to identify the John Doe defendants. (Dish Mot. at 4). Should Visa provide this information, Dish would then have to send a round of subpoenas to banks to obtain the names associated with such credit cards. *Id.* Putting aside the potential web of bank regulations and privacy concerns implicated by such subpoenas, the Court concludes that this elaborate and multi-step pre-case discovery plan is inappropriate in light of Dish's failure to diligently use information already in its possession. Notably absent from its motion papers is a citation to a single case in which a court has authorized this kind of discovery in a similar case.[1] To put it simply, the request is not at this time proportionate to the scope

---

[1] Dish relies on *Strike 3 Holdings, LLC v. Doe*, No. 19-CV-2614, 2019 WL 1837447 (S.D.N.Y. Apr. 10, 2019), and *UN4 Prods., Inc. v. Doe*, No. 17-CV-3278, 2017 WL 2589328 (E.D.N.Y. June 14, 2017), to persuade the Court to grant its motion. However, neither of those cases is apposite. First, in both *Strike 3* and *UN4* there are no alternative avenues for procuring the information sought. *UN4*, 2017 WL 2589328, at *3 ("I am unaware of any alternative avenues for procuring the information it seeks."); *Strike 3*, 2019 WL 1837447, at *3 ("The Court is not aware of any other means by which Plaintiff may seek out the Defendant's identity."). Strike 3, for example, involved the downloading of copyrighted information by putative defendants, who were only identifiable by the IP address of the computer used, and who had not attempted to obtain the programming directly from Strike 3. *Id.* at *1. In contrast, Dish alleges here that the defendants were posing as Dish customers and as a result, it has information like physical addresses, email addresses, and phone numbers. The Strike 3 subpoenas would not have been authorized by this Court had Strike 3 had such information about

of the claims asserted.  Fed. R. Civ. P. 26(b)(1) (noting that in making proportionality decisions, the court must consider "the parties' relative access to relevant information . . . and whether the burden or the expense of the proposed discovery outweighs its proposed benefit.").  And as a separate matter, Dish provides no mechanism to notify the actual person for whom bank and credit card information is sought to give him or her an opportunity to contest the subpoena.  Without such protections and ability to be heard, such subpoenas will not be authorized by the Court.  *Refco Group Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13-CV-1654, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) ("Courts in this Circuit have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.") (quotations omitted); (*see, e.g.*, Strike 3 Order dated June 5, 2018, No. 18-CV-2126 (E.D.N.Y.), Dkt. No. 10 at 2 ("The measure is appropriate to place the subscriber(s) on fair notice of [the party's] efforts to obtain his or her identifying information, and his or her rights to contest the Subpoena or litigate it anonymously.")).

---

the putative defendants.  Furthermore, the attempt to obtain financial records and the use of a multistep subpoena process makes Dish's requests quite unlike the cases it cites.

Separately, Dish seeks permission to serve a subpoena on Ratiann Inc. and its owner, both of whom are believed to have more detailed information regarding the seven subject accounts. (Dish Mot. at 5). The Court believes that such a subpoena is appropriate. However, before any production pursuant to the subpoena may occur and the subpoena may be served, Dish must submit for the Court's review a proposed protective order to govern those documents.

SO ORDERED.

*/s/ Sanket J. Bulsara* Sept. 17, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

4