```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
 DISH NETWORK LLC and
 NAGRASTAR LLC,

                        Plaintiffs,        MEMORANDUM & ORDER
                                           19-CV-4803(EK)(SJB)
            -against-

 TOMASZ KACZMAREK, JOHN DEFOE,
 JULIA DEFOE, and DOES 1-10,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs DISH Network LLC ("DISH") and NagraStar LLC bring this action against defendants Tomasz Kaczmarek, John and Julia Defoe (the "Defoes"), and "Does 1-10." They allege that Kaczmarek, with the assistance of the Defoes, operated a streaming service called IPGuys that rebroadcast DISH programming without authorization. DISH has sued the Defendants under 47 U.S.C. § 605(a) (for facilitating rebroadcasting of DISH programming without authorization), and both Plaintiffs sued Kaczmarek under 47 U.S.C. § 605(e)(4) (for selling "device codes" to allow customers unauthorized access to DISH programming). Plaintiffs seek statutory damages and a permanent injunction.

The Court authorized Plaintiffs to seek default judgment against the Defendants.[1] On February 24, 2021, the Plaintiffs moved for default judgment, ECF No. 37, and the Court referred that motion to Magistrate Judge Sanket J. Bulsara for a Report and Recommendation ("R&R"). See Minute Entry dated Feb. 25, 2021.

On June 24, 2021, Judge Bulsara issued an R&R recommending that the complaint be dismissed as to defendant Kaczmarek for lack of personal jurisdiction, default judgment be entered against the Defoes for violations of Section 605(a), and statutory damages be awarded in the amount of $7,000 against the Defoes. ECF No. 39. Plaintiffs filed an objection to the R&R on July 8, 2021. ECF No. 41.

## I.   Legal Standard

A district court reviewing a magistrate judge's R&R "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v.*

---

[1] The Defoes initially appeared through counsel and participated in the litigation, though counsel later withdrew and the Defoes failed to appear at future conferences. Magistrate Judge Sanket J. Bulsara authorized Plaintiffs to seek default judgment against the Defoes. Order dated Nov. 3, 2020. Near the start of the action, Kaczmarek had filed a letter, *pro se*, requesting an extension of time to respond to the complaint, though he never did respond, and the Clerk of Court entered a certificate of default against him on February 23, 2021. ECF No. 36.

*Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).  Objections that are general, conclusory, or "merely recite the same arguments presented to the magistrate judge" do not constitute proper objections and are reviewed only for clear error.  *See Sanders v. City of New York*, No. 12-cv-113, 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015).

## II.  Discussion

Plaintiffs argue that Judge Bulsara erred in (i) finding that this Court lacks personal jurisdiction over Kaczmarek; and (ii) calculating statutory damages for the Defoes' violations of Section 605(a).

**A. Personal Jurisdiction**

A plaintiff must establish a prima facie case that personal jurisdiction is proper under both the Federal Rules of Civil Procedure and the U.S. Constitution.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167-68 (2d Cir. 2013).  Fed. R. Civ. P. 4(k) allows a federal district court to exercise personal jurisdiction to the extent allowed by the law of the state in which it sits.  New York's "long-arm" statute provides, in turn, that "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or

3

*through an agent*" transacts business in New York; commits a tortious act in New York; or causes injury to persons in New York, as long as certain other conditions are met. N.Y. C.P.L.R. 302(a) (emphasis added).

Plaintiffs allege that the Defoes acted as Kaczmarek's agent in New York when they created and maintained the "seeder accounts" used to supply DISH programming for Kaczmarek's pirate service. "There is jurisdiction over a principal based on the acts of an agent where 'the alleged agent acted in New York for the benefit of, with the knowledge and consent of, and under some control by, the nonresident principal.'" *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 85 (2d Cir. 2018). The question of control turns on "the realities of the relationship." *Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 68 (2d Cir. 2017) (quoting *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 366 (2d Cir. 1986)).

The pleadings (and the R&R) suggest that the Defoes' alleged role amounts, essentially, to that of a supplier: they purchased DISH programming (the "seeder accounts") and resold access to that programming to Kaczmarek, who advertised, packaged, and sold it to customers. A supplier of course can be the agent of its purchaser; this would be the case where a purchaser engaged a supplier to act as its "purchasing agent" and exercised the requisite control over the supplier's

4

activities. But this elementary recognition simply begs the question of whether and how the alleged purchaser (Kaczmarek) exercised control over the activities of the alleged supplier-agent. This is a question that, as Judge Bulsara noted, Plaintiffs have not answered satisfactorily.

Plaintiffs claim that we see the exercise of such control in the facts that (a) IP addresses associated with Kaczmarek were "used to access and make payments on the seeder accounts" maintained by the Defoes, and (b) the "Defoes and Kaczmarek have a history of working together to facilitate the unauthorized reception of DISH programming through [similar] means." Neither of these allegations suffice to establish agency: the fact that an ultimate purchaser makes direct payments on behalf of its supplier is evidence of cooperation, perhaps, but not control. And the same is surely true of the parties' "long history."

I thus agree with and adopt the R&R's conclusion that the Court lacks personal jurisdiction against Kaczmarek.

**B. Damages**

47 U.S.C. § 605(a) provides for statutory damages of $1,000 to $10,000 for each violation. Plaintiffs claim that Judge Bulsara erred by tabulating the number of violations at seven (based on the number of "seeder" accounts the Defoes maintained) instead of 12,731 (the number of "device codes" that

5

IPGuys sold to its customers). I agree with Judge Bulsara's conclusion regarding the number of violations, for the reasons he set out comprehensively in the R&R. At the same time, I accept DISH's request that, in that case, I assess more than $1,000 per violation, though I decline to assess the $10,000 per violation DISH requests.

The Federal Communications Act provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) involved in the action in a sum of not less than $1,000 or more than $10,000, *as the court considers just* . . . ." 47 U.S.C. § 605(e)(3)(C)(i)(II) (emphasis added). "The amount of [statutory] damages assessed pursuant to section 605 rests within the sound discretion of the court." *Time Warner Cable of N.Y.C. v. Taco Rapido Rest.*, 988 F. Supp. 107, 111 (E.D.N.Y. 1997); *see also Fitzgerald Pub. Co., Inc. v. Baylor Pub. Co., Inc.*, 807 F.2d 1110 (2d. Cir. 1986) (language in Copyright Act allowing statutory damages "as the court considers just" affords trial courts "wide discretion"). "Deterrence is also a pertinent consideration." *Garden City Boxing Club, Inc. v. Flor de Luna Corp.*, No. 07-CV-3848, 2009 WL 2399118, at *4 (E.D.N.Y. Aug. 5, 2009). Here, there are indications that the Defoes engaged in the infringement scheme for years. The seeder accounts, though just one part, was integral to the scheme's success. The Defoes' conduct also made

6

it harder for Plaintiff to uncover and address.  They created the seeder accounts using false contact information, and they did this business with an international partner, against whom it would be harder for the victim of the infringement to seek redress.

I therefore assess $2,000 per violation of 47 U.S.C. § 605(a).  I do not, however, apply the $100,000 enhancement for willfulness under 47 U.S.C.§ 605(e)(3)(C)(ii) that DISH requests.

### III. Conclusion

As set forth above, the Court adopts in part and modifies in part Judge Bulsara's Report and Recommendation. Defendant Tomasz Kaczmarek is dismissed without prejudice for lack of personal jurisdiction.  Default judgment is entered against defendants John and Julia Defoe pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, and the Defoes are hereby adjudged liable for seven violations of 47 U.S.C. § 605(a).  Judgment is entered in favor of DISH Network, LLC

against the Defoes in the total amount of $14,000.  No permanent injunction shall issue.

SO ORDERED.

/s Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 30, 2021
         Brooklyn, New York